UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY S. ENGLAND,

    Plaintiff,

vs.                                                        Case No. 13-10438

MORTGAGE ELECTRONIC REGISTRATION         HON. AVERN COHN
SYSTEMS, FEDERAL NATIONAL MORTGAGE
ASSOCIATION, BANK OF AMERICA, N.A., and
SETERUS, INC.

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTIONS TO DISMISS**
**(Docs. 8, 9)**
**AND**
**DISMISSING CASE**[1]

**I. Introduction**

This is another one of many cases pending in this district involving a default on a mortgage. Plaintiff Roy S. England ("plaintiff") is suing defendants Mortgage Electronic Registration Systems ("MERS"), Federal National Mortgage Association ("Fannie Mae"), Bank of America, N.A. ("BOA"), and Seterus, Inc. ("Seterus"), making several claims relating to the mortgage and foreclosure proceedings. Foreclosure by advertisement proceedings have concluded and the redemption period has expired. Nevertheless, plaintiff contends that he has a right to the property. The complaint asserts the following claims:

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Count I      declaratory relief

Count II      fraud

Count III      tortious violation of Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq.

Count IV      reformation

Count V      quiet title

Count VI      injunctive relief

Before the Court are defendant Seterus's motion to dismiss (Doc. 8) and defendants MERS's, Fannie Mae's and BOA's motion to dismiss (Doc. 9) under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motions will be granted.

## II. Background

This case involves real property located at 4972 Fletcher, Wayne, Michigan. On October 14, 2002, plaintiff obtained a $96,800.00 loan from Republic Bank to purchase the property.[2] Plaintiff executed a note evidencing the loan. As security for the loan, plaintiff executed a mortgage in which he gave a mortgage interest to MERS acting "solely as nominee for Lender and Lender's successors and assigns." MERS is listed as the mortgagee on the mortgage and Republic Bank is listed as the lender. The mortgage was recorded on December 27, 2012, Liber 37452, page 807, Wayne County Register of Deeds.

On April 23, 2012, MERS assigned its interest in the mortgage to Fannie Mae. The assignment was recorded on May 3, 2012, Liber 49848, page 275, Wayne County

---

[2] On the same day, the loan amount was modified from $96,800.00 to $97,633.80.

2

Register of Deeds. BOA serviced the loan until servicing was transferred to Seterus on September 12, 2011.

Plaintiff defaulted on the loan. Seterus, as servicer of the loan and on behalf of Fannie Mae, began foreclosure by advertisement proceedings due to plaintiff's default. Seterus provided plaintiff with notice of foreclosure on May 4, 2012, published notice of the foreclosure in the Detroit Legal news for four successive weeks between June 5, 2012 and June 26, 2012, and posted notice of the foreclosure on the property on June 8, 2012.

Seterus hired Orlans Associates, PC ("Orlans") as foreclosure counsel. Orlans sent plaintiff a letter informing him of his right to a pre-foreclosure loan modification meeting, pursuant to Mich. Comp. Laws § 600.3205. Plaintiff did not respond to Orlans's letter and did not otherwise request a meeting under section 600.3205.

On July 5, 2012, Fannie Mae purchased the property at a foreclosure sale for $87,141.16. Plaintiff's right to redeem the property expired on January 5, 2013. Plaintiff did not redeem.

After the expiration of the redemption period, on January 18, 2013, plaintiff filed a complaint in state court seeking to rescind the foreclosure sale and void the sheriff's deed and asserting the claims set forth above. Defendants MERS, Fannie Mae and BOA timely removed the case to federal court and filed a motion to dismiss. Likewise, Seterus filed a motion to dismiss.

### III. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must

assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See Albright v. Oliver, 510 U.S. 266 (1994); Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

### IV. Setting Aside the Foreclosure

As an initial matter, to the extent plaintiff argues that because of the violations that he alleges defendants committed, the foreclosure sale of the property should be declared void ab initio, it is not well-taken. A recent Michigan Supreme Court decision held, contrary to an earlier Sixth Circuit decision, that under Michigan law a failure to comply with the requirements of Michigan's foreclosure by advertisement statute renders the foreclosure voidable, not void ab initio. See Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98, 114 (reviewing Davenport v. HSBC Bank USA, 275 Mich. App. 344 (2007), the decision the Sixth Circuit relied upon for its contrary holding in Mitan v. Fed. Home Loan Mortg. Corp., ___ F.3d ___, 2012 WL 6200257 (6th Cir. Dec. 12, 2012), and holding that "Davenport's holding was contrary to the established precedent of [the Michigan Supreme] Court."). Thus, under controlling Michigan law, the foreclosure sale cannot be declared void ab initio. See Savedoff v. Access Group, Inc., 524 F.3d 754, 762 (6th Cir. 2008) (observing that federal courts must follow the decisions of the state's highest court when applying state law). So, the issue this Court must now address is whether, under Michigan law, the foreclosure sale on the property is voidable, or could be set aside, on the facts alleged.

The Michigan Supreme Court's recent decision in Kim instructs on this issue as well. "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [Michigan's foreclosure by advertisement statute]." Id. at 115. "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Id. at 116. The concurring opinion by Justice Markman provides further guidance "concerning the nature of the 'prejudice' that

5

plaintiffs must demonstrate in order to set aside the foreclosure;" and, in that regard, provides a nonexhaustive list of factors to be considered. Id. at 120-21. These include: (1) "whether plaintiffs were misled into believing that no sale had been had;" (2) "whether plaintiffs act[ed] promptly after [becoming] aware of the facts on which they based their complaint;" (3) "whether plaintiffs made an effort to redeem the property during the redemption period;" (4) "whether plaintiffs were represented by counsel throughout the foreclosure process;" and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property." Id. at 121. (Markman, J. concurring) (internal quotation marks and citations omitted).

Applying Kim, plaintiff cannot establish the prejudice required to set aside the foreclosure sale of the property. This is so because none of plaintiff's claims relating to his mortgage and the foreclosure proceedings are viable, as explained below.

### V. Plaintiff's Claims

#### A. Count II - Fraud

In count II, plaintiff claims that the defendants collectively "engaged in an illegal scheme the purpose of which was to execute loans secured by real property in order to make commissions, kick-backs, illegal undisclosed yield spread premiums, and undisclosed profits by the sale of any instruments arising out of the transaction." Essentially, plaintiff says that defendants should not have granted him a loan due to his financial limitations. Plaintiff has failed to state a claim of fraud.

Under Michigan law, to prove a claim of fraudulent misrepresentation or common law fraud, plaintiff must satisfy six elements:

6

> (1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury.

*Roberts v. Saffell*, 280 Mich. App. 297, 403 (2008) (citations omitted).

Here, plaintiff's fraud claim does not satisfy Fed. R. Civ. P. 9(b)'s particularity requirements. In order to meet the particularity requirements of Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Frank v. Dana Corp., 547 F.3d 564, 569-70 (6th Cir. 2008) (citation omitted). Plaintiff's complaint fails to identify (1) the allegedly false statements, (2) the speaker, and (3) when, where, and under what circumstances the statements were made.

More importantly, plaintiff's claim that defendants fraudulently induced him to enter into a loan that he could not afford is not plausible. Plaintiff made payments on the loan for almost ten years before defaulting. Thus, plaintiff has not stated a claim for relief.[3]

Plaintiff also appears to be claiming that defendants acted fraudulently by

---

[3] For this same reason, plaintiff's claim for reformation (Count V) has no merit. Plaintiff says that defendants' "employees and/or agents intentionally misrepresented to Plaintiff[] that Defendants would only make a loan that Plaintiff[] could afford to pay. . . ." Plaintiff, however, signed the mortgage and loan documents which provided all of the pertinent terms. Further, plaintiff made payments on the loan for almost ten years. Thus, his claim for reformation is not plausible and will be dismissed.

commencing foreclosure proceedings, while, at the same time, orally informing plaintiff that they would work with him to modify the loan pursuant to Mich. Comp. Laws § 600.3205c. Michigan's statute of frauds specifically prohibits any action against a financial institution to enforce a promise or commitment to modify a loan agreement unless it is in writing. The statute provides in relevant part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) **A promise or commitment to** renew, extend, **modify**, or permit a delay in **repayment or performance of a loan**, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2) (emphasis added). Michigan courts have applied section 566.132(2) in holding that any agreement to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the bank. See Crown Technology Park v. D&N Bank, FSB, 242 Mich. App. 538, 549 (2000).

    Here, insofar as plaintiff's fraud claim arises out of an alleged oral promise concerning a loan modification, his claim is barred by the statute of frauds. Because plaintiff has not alleged the existence of a writing signed by any of the defendants confirming a loan modification, the claim must be dismissed as barred by the statute of frauds.

Further, Mich. Comp. Laws § 600.3205c does not require defendants to modify any specific loan, and it does not provide any basis for unwinding the foreclosure. In other words, even if Fannie Mae or any of the other defendants failed to comply with section 600.3205c, plaintiff cannot receive the remedy he seeks - legal title. Rather, the statute provides a borrower with an opportunity to enjoin the sale and force the foreclosure to be conducted <u>under the judicial foreclosure process</u> if the foreclosure is conducted in violation of the statute. See Mich. Comp. Laws § 600.3205c(8). Unless the borrower timely files a complaint seeking such relief, nothing prevents the lender from foreclosing by advertisement. Id. The statute does not provide a plaintiff with a cause of action to seek the reversal of a sheriff's sale that has already occurred.

Other courts in this district have examined this issue on multiple occasions, and concluded that a borrower's sole relief for an alleged violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale. See <u>Stein v. U.S. Bancorp</u>, 2011 WL 740537, at *10 (E.D. Mich. Feb. 24, 2011) ("The provision allows certain borrowers to determine the <u>type</u> of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure." (emphasis in original)); <u>Adams v. Wells Fargo Bank, N.A.</u>, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. It does not authorize the Court to set aside the foreclosure."). The Sixth Circuit recently held the same. See <u>Block v. BAC Home Loans Servicing, L.P.</u>, 2013 WL 1223892, *2 (Mar. 26, 2013). Thus, even if plaintiff could show he was entitled to a loan modification based solely on

the purported oral agreement, he cannot obtain the relief he seeks in the form of setting aside the foreclosure sale. In addition, plaintiff does not allege that defendants agreed to modify the loan. Rather, he says there was an oral agreement to discuss a loan modification. Plaintiff's claim will be dismissed.

### B. Count III - Violation of Real Estate Settlement Procedures Act (RESPA)

Count III of plaintiff's complaint alleges that defendants violated RESPA by charging unreasonable fees and penalties, and failing to disclose these fees and penalties at the closing and signing of the loan.

An action arising under section 2607 must be brought within one year after the alleged violation occurs. See 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section . . . 2607 . . . of this title may be brought . . . within . . . 1 year . . . from the date of the occurrence of the violation . . . ."); Egeger v. Woodland Realty, Inc., 556 F.3d 415, 421 (6th Cir. 2009) ("Claims pursuant to § 2607(a) must be brought within one year from the date the violation occurs in accordance with 12 U.S.C. § 2614 . . . ."). Here, the alleged RESPA violation—defendants' purported disclosure failures—would have occurred, if at all, no later than the date of the transaction/closing on October 14, 2002. See Egeger, 556 F.3d at 421 n.7 (noting that the one-year period commenced on the date the sale was complete). Plaintiff's RESPA claim expired on October 14, 2003—over nine years before plaintiff filed this action—and is, therefore, time-barred. See 12 U.S.C. § 2614; Egerer, 556 F.3d at 421.

Finally, even if the RESPA claim was timely, violations of RESPA cannot support a finding that the mortgage is invalid or unenforceable. See Brown v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 72396 (E.D. Mich. Aug., 17, 2009).

## C.  Count V - Quiet Title

In count V, plaintiff seeks to quiet title.  In order to properly allege a quiet title claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C. § 2409a(d).  These rules require that plaintiff properly allege his or her ownership interest in the property.  M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim."  28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."  Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property.  Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet Cnty. Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Under Michigan law, following foreclosure, the rights and obligations of the parties are governed by statute.  Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993).  Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property.  See Mich. Comp. Laws § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942).  Generally, once the redemption period has expired, all of the mortgagor's rights to the property are extinguished as a matter of law.  Williams v. Pledged Prop. II, LLC, 2012 WL 6200270, at *2 (6th Cir. Dec. 13, 2012) (citing M.C.L. § 600.3236; Piotrowski

11

v. State Land Office Bd., 302 Mich. 179 (1942)).  Notwithstanding, however, "Michigan courts allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in order to keep a plaintiff's suit viable, provided [plaintiff] makes a clear showing of fraud, or irregularity by the defendant." El-Seblani v. IndyMac Mortg. Servs., 2013 WL 69226, at *3 (6th Cir. 2013) (citing Schulthies v. Barron, 16 Mich App. 246 (1969)); Freeman v. Wozniak, 241 Mich. App. 633 (2000) (internal quotation marks omitted)); see also Houston v. U.S. Bank Home Mortg. Wisconsin Serv., 2012 WL 5869918, at *5 (6th Cir. Nov. 20, 2012) ("Because she is outside of the redemption period, [plaintiff] can undo the divestment of her property right only if there was fraud, accident, or mistake.").

Here, plaintiff has not made a showing of fraud or irregularity sufficient to unwind the foreclosure sale.  Indeed, there "must be a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant." Houston, 2012 WL 5869918, at *5.  That is not the case here.  Plaintiff has not alleged, nor has he proffered any evidence, that there was fraud or an irregularity that occurred during the foreclosure process.  Rather, plaintiff claims that defendants lied to plaintiff at the loan signing and orally agreed to consider a loan modification after he was in default.  These unsupported allegations are insufficient to unwind the completed foreclosure sale and quiet title in favor of plaintiff.

Plaintiff's quiet title claim fails for an additional reason.  The Sixth Circuit has recently held that a quiet title claim is a remedy, and not a separate cause of action.

Goryoka v. Quicken Loan, Inc., 2013 WL 1104991, at *3 (6th Cir. March 18, 2013).[4]

## VI. Conclusion

For the reasons stated above, defendants' motions to dismiss (Doc. 8, 9) are GRANTED. This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: April 30, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 30, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
    Case Manager, (313) 234-5160

---

[4] Accordingly, plaintiff's claims for declaratory and injunctive relief (counts I and VI) fail as a matter of law.